**DLD-018** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2517
_____

CHRISTOPHER NGUYEN,
Appellant

v.

DR. GERALD KASPER; JOSEPH VINANSKY, GRIEVANCE COORDINATOR
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-00086)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 28, 2021

Before: KRAUSE, MATEY and PHIPPS, Circuit Judges

(Opinion filed November 22, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Christopher Nguyen appeals the District Court's orders dismissing his complaint as to one defendant and granting summary judgment in favor of the other. For the reasons discussed below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4(a).

In this prison-civil rights action, Nguyen challenges the dental care he received at SCI-Waymart for one of his teeth, "Tooth 30"—and particularly the dentist's use of a composite filling. While confined at SCI-Coal Township, Tooth 30 began to hurt, and a dentist inserted a metal filling.[1] After Nguyen was transferred to SCI-Waymart, Tooth 30 again began to hurt. Nguyen says he asked for another metal filling. However, the dentist—defendant Gerald Kasper—instead used a composite filling. Nguyen claims that Dr. Kasper said metal fillings were not available because they were more expensive. Dr. Kasper denies this, and states that composite fillings are actually more expensive than metal fillings and are used because they are more insulating and require the removal of less tooth structure.

Nguyen's pain did not abate, and Dr. Kasper determined that he had an infection. Dr. Kasper first prescribed antibiotics and applied a liquid to the tooth, but Nguyen's pain and swelling continued to worsen. Dr. Kasper then determined that the infection had spread and pulled the tooth, which apparently brought an end to Nguyen's pain.

---

[1] Before his trouble started with Tooth 30, Nguyen had lost four adult teeth.

In his complaint, Nguyen claimed that Dr. Kasper violated his Eighth Amendment rights by using a composite filling rather than a metal one. He also claims that defendant Joseph Vinansky violated his constitutional rights by failing to properly respond to a grievance he had filed against Dr. Kasper. The District Court dismissed the claim against Vinansky under 28 U.S.C. § 1915(e)(2)(B)(ii), see ECF No. 7, and then granted summary judgment in favor of Dr. Kasper, see ECF No. 68. Nguyen appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal and summary judgment orders. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014) (summary judgment); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (dismissal). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We agree with the District Court's analysis of this case. The Court properly dismissed Nguyen's claim against Vinansky because an officer's mishandling of a grievance does not itself violate a constitutional right, see generally Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001), and, in any event, Vinansky was entitled to defer to Dr. Kasper's judgment about Nguyen's care, see Parkell v. Danberg, 833 F.3d 313, 336 (3d Cir. 2016); Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

3

It was also proper for the District Court to grant summary judgment to Dr. Kasper. Nguyen claims that Dr. Kasper refused to use a metal filling based on cost. Even accepting this version of events for purposes of summary judgment,[2] Dr. Kasper was entitled to judgment as a matter of law on this record. To sustain such a claim under § 1983, Nguyen was required to show that Dr. Kasper displayed "deliberate indifference" to his needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, this standard "does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society." Reynolds v. Wagner, 128 F.3d 166, 175 (3d Cir. 1997). The Constitution will be violated only when cost considerations "are considered to the exclusion of reasonable medical judgment about inmate health." Roe v. Elyea, 631 F.3d 843, 863 (7th Cir. 2011) (emphasis omitted).

Here, Dr. Kasper presented evidence that he viewed a composite filling as medically superior to a metal filling because it is more insulating and requires the removal of less tooth structure. Nguyen failed to present any evidence, either expert or otherwise, to show that that judgment "fell below a professional standard of care." Pearson v. Prison Health Serv., 850 F.3d 526, 536 (3d Cir. 2017). Dr. Kasper was therefore entitled to summary judgment. See generally Spruill, 372 F.3d at 235

---

[2] As noted above, Dr. Kasper claims that the composite filling is more expensive than a metal filling.

(explaining that "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation (quotation marks, alteration omitted)).

Accordingly, we will summarily affirm the District Court's judgment.